**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

Cameron Kelly,

Plaintiff,

v.

Richland County School District Two;
Keith Price, in his Official and Individual
Capacity; Kathy Trout, in her Official and
Individual Capacity; and Fletcher Spigner,
in his Official and Individual Capacity,

Defendants.

CASE NO: 3:15-cv-01963-MBS

**PLAINTIFF'S RESPONSES TO**
**LR 26.03 (DSC) INTERROGATORIES**

Plaintiff Cameron Kelly answers the Local Civil Rule 26.03 (DSC) Interrogatories as follows:

**(1) A short statement of the facts**

Plaintiff is a severe Type 1 Diabetic who attended Blythewood High School (BHS) located in Richland County School District Two in Blythewood, South Carolina. In April 2014, during Plaintiff's senior year of high school, Plaintiff became severely ill as a result of his diabetes causing Plaintiff to miss two days of school. Following Plaintiff's absence, BHS held its prom on April 26, 2014 at the Columbia Convention Center. The morning of prom, Plaintiff was not feeling well but decided to attend his senior prom. During prom, Plaintiff was removed from the event and berated/interrogated by the Defendants in front of all prom attendees. Plaintiff further was accused of being drunk and of drinking alcohol before prom. Throughout this interrogation, Plaintiff's parents never were notified, Plaintiff did not have his blood sugar checked, Plaintiff was not given a breathalyzer and there never was anyone from the BHS present with knowledge about Plaintiff or his condition as required in Plaintiff's District created individualized health

1

plan. Plaintiff finally was allowed to contact his grandparents who picked him up from prom and were told by Defendant Price he had been drinking and needed to leave prom immediately.

Plaintiff subsequently was recommended for expulsion and wrongfully removed from the National Honor Society. Plaintiff was reinstated to BHS after the District hearing officer overturned BHS' recommendation for expulsion; however, the hearing officer also required Plaintiff and his family to attend alcohol counseling. After attending one session, Plaintiff and his parents were advised by the counselor that there was no need for them to attend these sessions.

**(2) The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony.**

A. **Plaintiff Cameron Kelly** – Plaintiff will testify to the events giving rise to his lawsuit.

B. **Donald Kelly** – Mr. Kelly will testify concerning his knowledge of the events giving rise to this lawsuit.

C. **Terri Kelly** – Mrs. Kelly will testify concerning her knowledge of the events giving rise to this lawsuit.

D. **Jim Rutledge** – Mr. Rutledge will testify concerning his knowledge of the events giving rise to this lawsuit.

E. **Pat Rutledge** – Mrs. Rutledge will testify concerning her knowledge of the events giving rise to this matter and the Plaintiff's actions at her home.

F. **Defendant Keith Price** – Defendant Price is expected to testify as to his knowledge of the circumstances surrounding the events of this matter and his actions toward Plaintiff.

G. **Defendant Kathy Trout** – Defendant Trout is expected to testify as to her knowledge of the circumstances surrounding the events of this matter and her actions toward Plaintiff.

H. **Defendant Fletcher Spigner** – Defendant Spigner is expected to testify as to his knowledge of the circumstances surrounding the events of this matter and his actions toward Plaintiff.

I. **Rusty Curry** – Mr. Curry will testify concerning Plaintiff's improper removal from the National Honor Society.

J. **Sr. Deputy Lisa Grazioli** – Deputy Grazioli will testify concerning her interactions with Plaintiff at prom, her interrogation of Plaintiff, and any other knowledge of the events giving rise to this matter.

Plaintiff reserves the right to identify additional witnesses during the discovery process and to call upon any witnesses identified by any party in their Local Rule 26.03 Interrogatory responses or discovery responses.

**(3) The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).**

At this time, the Plaintiff has not identified any expert witnesses but will provide the required expert witness disclosures within the deadlines set by the Scheduling Order.

**(4) A summary of the claims with statutory and/or case citations supporting the same.**

A. **Violation of Section 504 of the Rehabilitation Act of 1973** – Under Section 504 of the Rehabilitation Act of 1973, no otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance. See *Fayette County (KY) Sch. Dist*., Complaint No. 03-05-1061, 45 IDELR 67 (OCR 2005); *Brown v. Metropolitan Sch. Dist. Of Lawrence Township*, 945 F. Supp. 1202 (S.D. Ind. 1996)

B. **Disability Discrimination in Violation of the Americans with Disabilities Act ("ADA") as to Defendant District** - Title II of the ADA provides that no individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, program, or activities of a public entity, or be subjected to discrimination by any such entity. See *Baird v. Rose*, 192 F.3d 462 (4th Cir. 1999).

3

C.    **Negligence/Negligence Per Se as to all Defendants/South Carolina Tort Claims Act** – Defendants acted with gross negligence in its treatment of the Plaintiff. Gross negligence involves an intentional, conscious failure to do something which one ought to do or the doing of something one ought not to do. See *Faile v. South Carolina Dep't of Juvenile Justice*, 350 S.C. 315, 566 S.E.2d536 (2002) (in most cases, gross negligence is a factually controlled concept whose determination best rests with the jury); See also *Proctor v. Dep't of Health & Envtl. Control*, 368 S.C. 279, 628 S.E.2d 496 (Ct. App. 2006).

D.    **U.S. CONST. AMEND. XIV & 42 U.S.C. § 1983 - Equal Protection -** Plaintiff's claims for violation of his Fourth Amendment rights through 42 U.S.C. §§ 1983 are supported by the statutory law, as amended, and case law thereunder, including but not limited to *New Jersey v. T.L.O.*, 469 U.S. 325, 105 S.Ct. 733 (1985); *Green v. Maroules*, 211 Fed. Appx. 159 (4th Cir. 2006).

 **(5) Absent special instructions from the assigned judge, the parties shall propose dates for the following deadlines listed in Local Civil Rule 16.02.**

> **i. Exchange of Fed. R. Civ. P. 26(a)(2) Expert Disclosures**
> **ii. Completion of discovery.**

Plaintiff and Defendants consulted and agreed upon the Consent Amended Scheduling Order [Dkt.11] filed June 30, 2015.

**(6) The parties shall inform the Court whether there are any special circumstances which would affect the time frames applied in preparing the scheduling order.**

The parties are not requesting any extended deadlines.

**(7) The parties shall provide any additional information requested in the Pre-Scheduling Order (Local Civil Rule 16.01) or otherwise requested by the assigned judge.**

Not applicable.

**(Signature Block on Following Page)**

**MOONEYHAM BERRY, LLC**


By: ___s/ Joseph D. Dickey, Jr._____
          Joseph D. Dickey, Jr.
          Fed. Bar No. 11311
          1612 Marion Street, Suite 312
          Columbia, SC 29201
          Email:  joseph@mbllc.com
          Columbia Office Phone: (803) 380-5575
          Fax: (803) 380-5576


**SARVIS LAW, LLC**


By: __s/Bryn C. Sarvis_____
          Bryn C. Sarvis
          Fed. Bar No. 10478
          3347-B Augusta Highway
          Gilbert, SC 29054
          Email:  bsarvis@sarvislaw.com
          Office: (803) 785-5525
          Fax: (803) 785-5526

*Attorneys for Plaintiff*

Columbia, South Carolina
July 24, 2015